United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50621
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE SANCHEZ-CARRASCO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CR-00250-ALL
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Jorge Sanchez-Carrasco

("Sanchez"). United States v. Sanchez-Carrasco, 115 Fed. Appx.

756 (5th Cir. 2005)(per curiam). The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 125 S. Ct. 738 (2005). Sanchez-Carrasco v. United

States, 125 S. Ct. 1419 (2005). We requested and received

supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez argues that the sentence imposed for his convictions of transporting a minor with intent to engage in prohibited sexual conduct, importing an alien for immoral purposes, and harboring an illegal alien were unlawful under United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004). Sanchez concedes that he did not raise a constitutional challenge to his sentence in the district court. Accordingly, this court's review is for plain error only. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

Under the plain-error standard of review, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736-37 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of Booker, a defendant is required to demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395

(5th Cir. 2005).  Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not meet this burden.  See Mares, 402 F.3d at 522.

Sanchez argues that he can show plain error because the district court refused to grant the Government's motion for an upward departure.  He also contends that the district expressed doubt as to whether a lengthy sentence would be of value in rehabilitating him.

Sanchez has not pointed to anything in the record to indicate that the district court would have imposed a lower sentence under advisory Sentencing Guidelines.  Accordingly, Sanchez has not met his burden of establishing that his substantial rights were affected under the third prong of the plain error test.  See Mares, 402 F.3d at 522.

The judgment of the district court is AFFIRMED.